## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Anita Butler aka Anita Singleton <br> <u>Debtor</u> | CHAPTER 13 |
| Lakeview Loan Servicing, LLC <br> <u>Movant</u> | |
| vs. <br> Anita Butler <br> <u>Debtor</u> | NO. 16-14484 AMC |
| Shamirah Singleton <br> <u>Co-Debtor</u> | 11 U.S.C. Section 362 and 1301 |
| William C. Miller <br> <u>Trustee</u> | |

### <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence as referenced in the Motion is **$1,880.51**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | Payment due May 1, 2017 in the amount of $849.55* |
| Minus Suspense Balance: | $0.04 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$1,880.51** |

*Effective, June 1, 2017, the new monthly mortgage payment will be $855.04.

2.     The Debtor shall cure the aforesaid arrearage, while maintaining ongoing contractual mortgage payments, in the following manner:

a). Beginning June 1, 2017 and continuing through February 1, 2018, until the arrearages are cured, Debtor shall pay the **regular contractual monthly mortgage payment of $855.04** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month in which the payment is due (with late charges to be assessed after the 15th of the month), **plus an installment payment of $208.95** per month towards the arrearage on or before the last day of each month, with payments to be sent to Movant's payment address, listed below:

Cenlar FSB
425 Phillips Boulevard
Ewing, New Jersey 08618

b).     Debtor shall maintain regular contractual monthly mortgage payments to the Movant thereafter.

3.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4.      In the event that any of the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such order.

5.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an Order granting the Movant relief from the automatic stay.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    June 2, 2017              By:  /s/ Matteo S. Weiner
                                        Matteo S. Weiner, Esquire
                                        KML Law Group, P.C.
                                        701 Market Street, Suite 5000
                                        Philadelphia, PA 19106-1532
                                        (215) 627-1322 FAX (215) 627-7734
                                        Attorneys for Movant/Applicant

Date:  6/5/17

                                        Brad J. Sadek
                                        Attorney for Debtor

Date:  6-5-17

                                        William C. Miller    JACK MILLER
                                        Chapter 13 Trustee

Approved by the Court this 7th day of June , 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan