United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-14484-amc
Anita Butler                                                              Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: ChrissyW              Page 1 of 1              Date Rcvd: Jun 07, 2017
                            Form ID: pdf900             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 09, 2017.
db             +Anita Butler,    5237 Walton Street,    Philadelphia, PA 19143-2607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2017                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 7, 2017 at the address(es) listed below:
      BRAD J. SADEK    on behalf of Debtor Anita  Butler brad@sadeklaw.com
      BRIAN CRAIG NICHOLAS    on behalf of Creditor    Lakeview Loan Servicing, LLC
       bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
      JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
       ecfemails@ph13trustee.com
      JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
       bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
      MATTEO SAMUEL WEINER    on behalf of Creditor    Lakeview Loan Servicing, LLC
       bkgroup@kmllawgroup.com
      THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                       TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Anita Butler aka Anita Singleton<br>　　　　　Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>　　　　　Movant<br>　　vs.<br>Anita Butler<br>　　　　　Debtor | NO. 16-14484 AMC |
| Shamirah Singleton<br>　　　　　Co-Debtor | 11 U.S.C. Section 362 and 1301 |
| William C. Miller<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence as referenced in the Motion is **$1,880.51**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | Payment due May 1, 2017 in the amount of $849.55* |
| Minus Suspense Balance: | $0.04 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$1,880.51** |

*Effective, June 1, 2017, the new monthly mortgage payment will be $855.04.

2. The Debtor shall cure the aforesaid arrearage, while maintaining ongoing contractual mortgage payments, in the following manner:

　　a). Beginning June 1, 2017 and continuing through February 1, 2018, until the arrearages are cured, Debtor shall pay the **regular contractual monthly mortgage payment of $855.04** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month in which the payment is due (with late charges to be assessed after the 15th of the month), **plus an installment payment of $208.95** per month towards the arrearage on or before the last day of each month, with payments to be sent to Movant's payment address, listed below:

　　　　　　Cenlar FSB
　　　　　　425 Phillips Boulevard
　　　　　　Ewing, New Jersey 08618

　　b). Debtor shall maintain regular contractual monthly mortgage payments to the Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event that any of the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting the Movant relief from the automatic stay, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such order.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an Order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 2, 2017        By: /s/ Matteo S. Weiner
                          Matteo S. Weiner, Esquire
                          KML Law Group, P.C.
                          701 Market Street, Suite 5000
                          Philadelphia, PA 19106-1532
                          (215) 627-1322 FAX (215) 627-7734
                          Attorneys for Movant/Applicant

Date: 6/5/17

                          Brad J. Sadek
                          Attorney for Debtor

Date: 6-5-17

                          William C. Miller    JACK MILLER
                          Chapter 13 Trustee

Approved by the Court this __7th__ day of __June_____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan