United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 16-14484-mdc
Anita Butler                                                           Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: ChrissyW            Page 1 of 1              Date Rcvd: Sep 24, 2020
                          Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2020.
db         +Anita Butler,   5237 Walton Street,   Philadelphia, PA 19143-2607

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2020                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2020 at the address(es) listed below:
     BRAD J. SADEK    on behalf of Debtor Anita  Butler brad@sadeklaw.com, bradsadek@gmail.com
     BRAD J. SADEK    on behalf of Creditor    Lakeview Loan Servicing, LLC brad@sadeklaw.com,
      bradsadek@gmail.com
     BRIAN CRAIG NICHOLAS    on behalf of Creditor    Lakeview Loan Servicing, LLC
      bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
     JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
      ecfemails@ph13trustee.com
     JOSHUA I. GOLDMAN    on behalf of Creditor    Lakeview Loan Servicing, LLC
      Josh.Goldman@padgettlawgroup.com, kevin.shatley@padgettlawgroup.com
     KEVIN G. MCDONALD    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
     MATTEO SAMUEL WEINER    on behalf of Creditor    Lakeview Loan Servicing, LLC
      bkgroup@kmllawgroup.com
     REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing, LLC bkgroup@kmllawgroup.com
     THOMAS I. PULEO    on behalf of Creditor    Lakeview Loan Servicing, LLC tpuleo@kmllawgroup.com,
      bkgroup@kmllawgroup.com
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
     WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                       TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anita Butler aka Anita Singleton<br>Debtor | CHAPTER 13 |
| Lakeview Loan Servicing, LLC<br>Movant<br>vs. | NO. 16-14484 MDC |
| Anita Butler aka Anita Singleton<br>Debtor | |
| William C. Miller, Esquire<br>Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,886.39** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 1, 2017 to March 1, 2018 at $855.04/month<br>August 1, 2020 to September 1, 2020 at $1,006.38/month |
| Suspense Balance: | $256.61 |
| **Total Post-Petition Arrears** | **$6,886.39** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,886.39.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include all post-petition arrears of **$6,886.39** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,006.38 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 17, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 9/22/20

Brad J. Sadek, Esquire
Attorney for Debtor

Date: September 22, 2020

/s/ LeeAne O. Huggins    No Objection - Without Prejudice
William C. Miller, Esquire    To Any Trustee Rights or
Chapter 13 Trustee    Remedies

Approved by the Court this 24th day of September, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge